UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY (CAMDEN)

MELISSA BELL,
    Plaintiff,
-vs.-

LVNV FUNDING LLC, a foreign limited liability company,
    Defendant.
_____

**COMPLAINT AND JURY DEMAND**

**NOW COMES THE PLAINTIFF, MELISSA BELL, THROUGH COUNSEL, DANIEL ZEMEL**, and for her Complaint against the Defendant, pleads as follows:

**JURISDICTION**

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE

2. The transactions and occurrences which give rise to the action occurred in the Mount Holly town and county of Burlington, New Jersey.

3. Venue is proper in the District of New Jersey.

## PARTIES

4. Plaintiff is a natural person residing in the Mount Holly town and county of Burlington, New Jersey.

5. The Defendant to this lawsuit is LVNV Funding LLC, (LVNV") which is a foreign limited liability company that conducts business in the State of New Jersey.

## GENERAL ALLEGATIONS

6. LVNV is attempting to collect a consumer type debt in the amounts of $685.00 allegedly owed by Plaintiff to Credit One Bank NA ("the collection item").

7. LVNV is reporting the collection item as "account information disputed by consumer" on Plaintiff's credit disclosures.

8. Plaintiff no longer disputes the collection item.

9. On May 3, 2021, Plaintiff obtained her Trans Union credit disclosure and noticed LVNV reporting the collection item with the dispute comment.

10. On or about May 21, 2021, Credit Repair Lawyers of America on behalf of Plaintiff, submitted a letter to LVNV informing them that the collection item is inaccurate and asked LVNV to remove the dispute comment from the collection item.

11. On July 6, 2021, Plaintiff obtained her Trans Union credit disclosure which showed LVNV last reported the collection item reflected by the Trans Union credit disclosure on June 9, 2021, and that LVNV failed or refused to remove the inaccurate dispute comment, in violation of the FDCPA.

12. With a disputed item appearing on her credit report, Plaintiff's FICO score is reporting inaccurately such that she is not eligible for conventional mortgage financing or refinancing. Mortgage rates are now at historic lows and Plaintiff cannot participate in this market, due to LVNV's failure to remove the dispute comment.

13. In the credit reporting industry, data furnishers, such as LVNV, communicate electronically with credit bureaus.

14. LVNV had more than ample time to instruct Trans Union to remove the inaccurate dispute comment from its collection item.

15. LVNV's inaction to remove the dispute comment from the collection item on Plaintiff's credit reports was either negligent or willful.

16. Plaintiff suffered pecuniary and emotional damages as a result of LVNV's actions. Her credit report continues to be damaged due to LVNV's failure to properly report the collection item.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times LVNV, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

20. LVNV is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. LVNV's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692e:

    a. 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of any debt by continuing to report the

collection item with a dispute notation after being informed of the inaccuracy; and

b. 15 U.S.C. §1692e(8) reporting credit information which is known to be false, including failure to communicate that the debt is not disputed by failing to remove the inaccurate dispute notation from the collection item after being asked to do so by Plaintiff.

22. Plaintiff has suffered harm and damages at the hands of the LVNV as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

23. LVNV's failure to remove the erroneous account in dispute notation from its collection item on Plaintiff's consumer credit files is annoying, humiliating and embarrassing to the Plaintiff as it creates a false impression regarding the Plaintiff's credit.

24. To date, and as a direct and proximate cause of LVNV's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer anxiety, embarrassment, and stress from LVNV's violations of the FDCPA.

25. Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her a judgment against LVNV for statutory damages, actual damages, plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant LVNV:

a. Actual damages;

b. Statutory damages and

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

        Respectfully submitted.


July 26, 2021    /s/ **_Daniel Zemel_**
        DANIEL ZEMEL
        Zemel Law, LLC
        1373 Broad St. Suite 203C
        Clifton, NJ 07013
        Telephone: (862) 227-3106
        Facsimile: (973) 282-8603
        E-Mail: dz@zemellawllc.com
        *Attorney for Plaintiff,*
        *Melissa Bell*