UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA BELL, | Hon. Joseph H. Rodriguez |
| *Plaintiff*, | |
| v. | Civil No. 21-14152 |
| LVNV FUNDING LLC, | **OPINION** |
| *Defendant*. | |

Presently before the Court is the motion by Defendant LVNV Funding LLC ("Defendant") for an order awarding attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3) as against both Plaintiff Melissa Bell ("Plaintiff") and Plaintiff's former counsels, Zemel Law, LLC ("Zemel Law") and Credit Repair Lawyers of America ("CRLA"), or allowing Defendant to take discovery to confirm Plaintiff's initial involvement in the action and the basis for the claims (the "Motion"). *See* Defendant's Notice of Motion [Dkt. 59]; Br. in Supp. at *1-2 [59-7]. Zemel Law has opposed the Motion [Dkt. 64], while Plaintiff herself and CRLA did not file opposition.[1] The Court has considered the written

---

[1] Defendant's Motion states that it seeks sanctions "as against both Plaintiff and Plaintiff's former counsels, Zemel Law and Credit Repair Lawyers of America." Defendant's Notice of Motion [Dkt. 59]. However, Defendant's Certificate of Service for the Motion indicates that the Motion was served only upon Plaintiff and Zemel Law. *See* Certificate of Service by Jacquelyn A. DiCicco, February 17, 2023. [Dkt. 60]. Defendant's Certificate of Service does not indicate that the Motion was served upon CRLA. *Id*. In addition, CRLA has not received service of the Motion. Declaration of Cark Schwartz ¶ 10 [Dkt. 64-1] (the "CRLA Declaration"). The CRLA Declaration explains the relationship between CRLA and Zemel Law Group, stating that CRLA retained Zemel Law to prosecute Plaintiff's claims after Plaintiff initially retained CRLA to represent her in this action. *Id*. ¶¶ 4-5. Zemel Law submits that it does not represent CRLA and has no authority to accept service on behalf of CRLA. Opp. at *6.

submissions of the parties [Dkt. 59, 64, 65] and issues this opinion without oral argument pursuant to Fed. R. Civ. P. 78 (b) and L. Civ. R. 78.1 (b). For the reasons set forth herein, the Motion will be denied with prejudice as to Plaintiff's former counsels and denied in part and granted in part as to Plaintiff.

## I.     Background

Plaintiff initiated this action through Zemel Law, acting as local counsel for CRLA, by filing a complaint on July 26, 2021 alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") against Defendant. *See generally*, Complaint [Dkt. 1] ("Compl."). Plaintiff specifically alleged that Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of her debt and 15 U.S.C. § 1692e(8) by reporting credit information known to be false when Defendant erroneously reported a collection item as disputed even after Plaintiff allegedly no longer disputed the item. *Id*. Defendant filed an Answer to Complaint with Affirmative Defenses [Dkt. 9] on November 24, 2021 and the parties thereafter engaged in discovery.

On December 29, 2021, the parties filed a Joint Proposed Discovery Plan. [Dkt. 15]. The Court issued a Scheduling Order on January 5, 2022 confirming the directives given to counsel during the telephonic scheduling conference convened pursuant to Fed. R. Civ. P. 16. [Dkt. 18]. On April 28, 2022, Defendant filed a letter requesting sixty (60) days to complete discovery. [Dkt. 21]. Defendant indicated in the letter that "Plaintiff's counsel served responses to Discovery Demands as late as April 19, 2022 and Defendant then sought her deposition, and Plaintiff's counsel refused to produce Plaintiff for a deposition on the purported basis that discovery was to be completed by April 29,

2022." Br. in Supp. at *3 [59-7] (citing Dkt. 21). On May 6, 2022, Plaintiff opposed Defendant's motion for an extension of time to complete discovery including an extension of time to conduct Plaintiff's deposition; however, the opposition apparently failed to provide proposed dates for the deposition. *Id.* (citing Dkt. 24). On May 12, 2022 the Magistrate Judge held a telephonic conference at which time Defendant's letter application for an extension was granted and new litigation deadlines were set. [Dkt. 25, 26, 27].

Defendant then filed a letter-motion on June 27, 2022 requesting a forty-five (45) day extension of time to complete discovery because Plaintiff had not yet been deposed. [Dkt. 28]. Defendant noted in the letter-motion that Plaintiff provided only one date for her deposition. *Id.* On June 28, 2022 the Court granted the letter-motion and issued a third scheduling order setting an August 15, 2022 deadline for the completion of pretrial discovery. [Dkt. 29, 30].

On July 7, 2022, Defendant's counsel informed the Court via letter that, despite requesting dates for Plaintiff's deposition, no dates were given and Zemel Law instead informed Defendant that they intended to withdraw as counsel. Br. in Supp. at *4. Defendant indicated that it objected to Zemel Law's withdrawal insofar as they had engaged in delay tactics. [Dkt. 31]. Zemel Law then filed a motion to withdraw as counsel asserting, *inter alia*, that "there has been a complete breakdown in the relationship between Plaintiff and her counsel." [Dkt. 32]. The motion to withdraw was denied on July 11, 2022. [Dkt. 33]. In denying the motion to withdraw, the Magistrate Judge concluded that Zemel Law failed to demonstrate a sufficient basis to withdraw as counsel had not presented any specific information describing the "complete

3

breakdown" or addressing the factors set forth in *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996). *Id.* at *4.

On August 4, 2022, Defendant's counsel filed a letter addressing issues pertaining to the completion of discovery and stating that Defendant again sought dates for Plaintiff's deposition, but no dates were suggested by Zemel Law on behalf of Plaintiff and Zemel Law had not filed a subsequent motion to withdraw. [Dkt. 40]. Zemel Law then filed a renewed motion to withdraw as counsel on August 8, 2022. [Dkt. 42]. On September 9, 2022, the Court issued an Order scheduling a telephonic hearing on the pending motion to withdraw for October 6, 2022 and directed Zemel Law to inform Plaintiff of the date and time of the hearing. [Dkt. 44]. The Court issued an Amended Order on September 12, 2022 scheduling an in-person hearing on the pending motion to withdraw for October 6, 2022, and directing Zemel Law to inform Plaintiff of the date and time of the hearing. [Dkt. 45]. On September 23, 2022, Zemel Law filed a Proof of Service of Amended Order, indicating that the Amended Order was mailed to Plaintiff on September 14, 2022 via certified mail and first-class mail and further that the certified mailing was actually delivered to Plaintiff on September 17, 2022. [Dkt. 47]. On October 4, 2022, the Court issued a Second Amended Order rescheduling the October 6, 2022 conference to October 27, 2022 and again directing Zemel Law to provide notice to Plaintiff. [Dkt. 50]. On October 26, 2022, Zemel Law filed a Proof of Service of Second Amended Order, indicating that the Second Amended Order was mailed, via certified mail and first-class mail, and emailed to Plaintiff on October 4, 2022. [Dkt. 52]. However, Zemel Law did not state that the mailing was actually delivered to Plaintiff. *Id.*

4

On October 27, 2022, the Court granted Zemel Law's motion to withdraw as counsel and noted that Plaintiff failed to appear pursuant to the Court's Order dated October 4, 2022. [Dkt. 53]. Plaintiff thereafter failed to make an appearance *pro se* or otherwise retain new counsel. Defendant then filed a letter with this Court on November 14, 2022 addressing the purported failures of Zemel Law and Plaintiff in complying with the Court's Order granting the motion to withdraw and requesting that the action be dismissed as a result. [Dkt. 55]. In light of the dispositive nature of the request, the Magistrate Judge addressed the motion by issuing a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). The Magistrate Judge recommended that Plaintiff's complaint be dismissed with prejudice for lack of prosecution due to Plaintiff's noncompliance with Court Orders, including Plaintiff's failure to appear for a hearing on October 27, 2022, her failure to enter an appearance *pro se* or through new counsel within the ten-day time period provided in the Court's Order of October 27, 2022 granting Zemel Law's motion to withdraw, her failure to make herself available for deposition, and her failure to proffer any explanation for her lack of participation. *See* Report and Recommendation at *5 [Dkt. 57]. The Court adopted the Report and Recommendation and dismissed Plaintiff's complaint. [Dkt. 58].

Defendant now moves for an order granting attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3) as against both Plaintiff and Plaintiff's former counsels, Zemel Law and CRLA, or allowing Defendant "to take discovery to confirm Plaintiff's initial involvement in the action and the basis for the claims." *See* Defendant's Notice of Motion [Dkt. 59]; Br. in Supp. at *1-2 [59-7]. In support of the Motion, Defendant argues that CRLA and Zemel Law brought this action without Plaintiff's involvement and with the purpose of

5

extracting money from Defendant, forcing Defendant to "expend over thirty-five thousand dollars ($35,000.00) to defend against Plaintiff's frivolous claims." Br. in Supp. at *2. Defendant contends that Plaintiff's lack of involvement is demonstrated by circumstances including that (1) the Complaint is not verified by Plaintiff or otherwise verified by counsel; (2) there is no evidence that Plaintiff ever participated in the drafting of the complaint, discovery, or that she ever communicated with her counsel; (3) as soon as litigation proceeded past a quick settlement, counsel conspicuously could not reach its client; (4) Zemel Law's two motions to withdraw as counsel are short on facts and do not detail any attorney-client relationship, evidencing Plaintiff's lack of involvement in bringing this action; and, (5) not once did Plaintiff appear at a conference or otherwise file signed documents with the Court. *Id.* at *8. Defendant further represents that, through its prior experiences with CRLA, Defendant observed a pattern and practice of claims bring brought under the FDCPA without CRLA's investigation of the claims or involvement the of plaintiffs in investigating and bringing the claims. *Id.* at *10-11 (citing *Erik Morgan v. LVNV Funding, LLC*, 2:21-cv-12967-LJM-JJCG (E.D. Mich. September 06, 2022); *Yasmeen Bahar v. I.C. Systems*, 2:21-cv-12967-LJMJJCG (N.D. Ohio 2022); *Akiba Canady v. LVNV*, 4:21-cv-1129-ACA (N.D. Ala 2022); *Nicol Allen v. First Federal Credit Control, Inc.*, 2:22-cv-11901 (E.D. Mich. Jan. 28, 2023)).

Defendant further argues that, to the extent Plaintiff was at all involved, the circumstances evidence Plaintiff's bad faith in bringing the action, which include that Plaintiff's Complaint was dismissed for failure to prosecute. *Id.* at *10.

**II.    Legal Standard**

Plaintiff alleged a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.. The FDCPA "is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 374 n.1 (2013) (citing 15 U.S.C. § 1692). By its terms, the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors" while ensuring that "debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692. "The statute creates a private right of action against debt collectors who fail to comply with its provisions." *Grubb v. Green Tree Servicing, LLC*, 2014 WL 3696126, at *4 (D.N.J. July 24, 2014) (citing 15 U.S.C. § 1692k; *Marx*, 568 U.S. at 374 n.1; *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)). To state a claim under the FDCPA, a plaintiff must establish that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Additionally, "[a] threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt'." *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1167 (3d Cir. 1987).

In addition to protecting consumers, the FDCPA also provides a mechanism to sanction those who unfairly exploit the legal protections afforded by the statute. Specifically, under Section 1692k(a)(3) a district court may award reasonable attorney's fees if it finds that a FDCPA action "was brought in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k(a)(3) ("On a finding by the court that an action under

7

this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."). In order to prevail on a motion for attorney's fees and costs under 15 U.S.C. § 1692k(a)(3), the defendant must provide evidence of plaintiff's bad faith and purposeful harassment. *Wattie-Bey v. Mod. Recovery Sols.*, No. 1:14-CV-1769, 2016 WL 8229211, at *4 (M.D. Pa. Dec. 30, 2016), report and recommendation adopted, No. 1:14-CV-1769, 2017 WL 529989 (M.D. Pa. Feb. 9, 2017) (citing *Puglisi v. Debt Recovery Sols., LLC*, 822 F. Supp. 2d 218 (E.D.N.Y. 2011); *Crooker v. Delta Mgmt. Assocs., Inc.*, Civil No. 1:CV-10-0101, 2010 WL 1390868, at *5 (M.D. Pa. Apr. 1, 2010)); *Marshall v. Portfolio Recovery Assocs., Inc.*, 646 F. Supp. 2d 770, 776 (E.D. Pa. 2009) ("For an award to be made, there must be evidence that the plaintiff knew that his claim was meritless and that plaintiff pursued his claims with a purpose of harassing the defendant.") (internal quotations and citations omitted). Defendants bear the burden of demonstrating bad faith and an intent to harass. *Breen v. Callagy L., P.C.*, No. CV 18-14472, 2020 WL 13553830, at *3 (D.N.J. Jan. 29, 2020), aff'd sub nom. *Breen v. Callagy L. PC*, 851 F. App'x 302 (3d Cir. 2021) (citing *Wattie-Bey*, 2016 WL 8229211, at *4).

"Third Circuit courts interpret Section 1692k(a)(3) narrowly." *Id.* at *2; *see also Delcore v. Cutolo Barros LLC*, No. CV2117735MASDEA, 2023 WL 4407720, at *1 n.1 (D.N.J. July 7, 2023). Section 1692k(a)(3) is construed narrowly as not to discourage private litigation under the FDCPA. *Weiss v. McElwee*, No. CV141858JLLJAD, 2016 WL 96144, at *5 (D.N.J. Jan. 8, 2016) (quoting *Kondratick v. Beneficial Consumer Disc. Co.*, No. 04-4895, 2006 WL 305399, at *10 n.4 (E.D. Pa. Feb. 8, 2006)); *Crooker v. Delta Mgmt. Assocs., Inc.*, No. CIV. 1:CV-10-0101, 2010 WL 1390868, at *5 (M.D. Pa.

8

Apr. 1, 2010); *Ayres v. Nat'l Credit Mgmt. Corp.*, 1991 WL 274695, at *1 (E.D. Pa. Dec. 17, 1991) ("The limited purpose of this provision is to discourage malicious and harassing lawsuits by consumers.") (internal quotations and citation omitted).

### III. Discussion

As the outset, the Court must confront a threshold question presented by Defendant's Motion: whether § 1692k(a)(3) authorizes the imposition of sanctions for counsel's behavior. Section 1692k(a)(3) is silent as to whose bad faith and purpose to harass triggers an award of attorneys' fees. The Court is unable to identify any decision from this District imposing such sanctions for counsel's behavior as opposed to a plaintiff's.

Courts generally apply a presumption that fee-shifting statutes apply only to parties unless they expressly state otherwise. *Dragon Intell. Prop., LLC v. Dish Network L.L.C.*, No. CV 13-2066-RGA, 2021 WL 3616147, at *10 (D. Del. Aug. 16, 2021), report and recommendation adopted, No. CV 13-2066-RGA, 2021 WL 5177680 (D. Del. Nov. 8, 2021) (citing *In re Crescent City Ests., LLC*, 588 F.3d 822, 825 (4th Cir. 2009). With respect to attorneys, "[c]ourts . . . have declined to construe [fee-shifting statutes] to authorize a fee awards against attorneys where the statutory text does not mention attorney liability." *Id*. "[A] fee-shifting statute that does not mention attorney payment of fee awards cannot be read to authorize it, absent some evidence of Congressional intent to subject attorneys to liability." *Id*.

In keeping with this principle, the Fifth Circuit held that "§ 1692k(a)(3) permits fee awards only against parties, not against their counsel" and concluded, accordingly, that "the district court erred in sanctioning [plaintiff's] lawyers[.]". *Tejero v. Portfolio*

*Recovery Assocs., L.L.C.*, 955 F.3d 453, 462 (5th Cir. 2020). The Ninth Circuit similarly determined that "§ 1692k(a)(3) does not authorize the award of attorney's fees and costs against a plaintiff's attorneys." *Hyde v. Midland Credit Mgmt.*, 567 F.3d 1137, 1141 (9th Cir. 2009). Rather, § 1692k(a)(3) "authorizes attorney's fees and costs only against the offending plaintiff[.]" *Id.*; *see also Ceresko v. LVNV Funding, LLC*, No. CV 09-0483-PHX-ECV, 2011 WL 13183223, at *1 (D. Ariz. Jan. 19, 2011) ("The statute authorizes the award of attorney's fees and costs only against the offending plaintiff, not against the plaintiff's attorney."); *Lysyuk v. I.C. Sys., Inc.*, No. 217CV00283JAMCKD, 2017 WL 4475962, at *2 (E.D. Cal. Oct. 6, 2017) ("Section 1692k(a)(3) authorizes an award of fees against an unsuccessful plaintiff, but not her counsel."); *Navarro v. Portfolio Recovery Assocs., LLC*, No. CV-18-02333-PHX-JJT, 2020 WL 2199478, at *2 (D. Ariz. May 6, 2020) ("An award of attorneys' fees is not authorized against a plaintiff's attorneys – only the plaintiff himself."). A federal court sitting in the Eastern District of New York likewise reasoned that "the statutory language of § 1692k entitle[d] [defendant] to move for fees and costs at the conclusion of this action if, in good faith, it believe[d] it can meet the applicable standard and show that [plaintiff]—as opposed to her counsel—initiated th[e] action in bad faith and for the purpose of harassment." *Moore v. Diversified Collection Servs., Inc.*, No. 07-CV-397-ENV-VVP, 2009 WL 1873654, at *5 (E.D.N.Y. June 29, 2009); *see also Eisner v. Enhanced Recovery Co., LLC*, 407 F. Supp. 3d 132, 138 (E.D.N.Y. 2019) (noting that "§ 1692k(a)(3) runs only against a party, not his counsel" and "requires proof of the plaintiff's bad faith, not just his counsel's").

In contrast to these holdings is an unpublished decision from the Eastern District of New York in which the court imposed sanctions pursuant to § 1692k(a)(3) against

10

plaintiff's counsel rather than plaintiff for the first time upon finding that counsel brought the action without plaintiff's participation. *See Alcivar v. Enhanced Recovery Co.*, No. 17-CV-2275 (ILG), 2020 WL 2559845, at *1 (E.D.N.Y. May 20, 2020) (noting that "[s]tatutes must be so construed, if possible, that absurdity and mischief may be avoided[]'" and concluding that "§ 1692k(a)(3) relates to the behavior of plaintiff's counsel when it brings a case without its client's knowledge or involvement").

The Court is not inclined to ignore the weight of authority on this matter and is unpersuaded that Defendant has otherwise articulated a compelling reason to warrant its departure. As such, the Court will follow the majority approach and, in doing so, concludes that § 1692k(a)(3) permits fee awards only against parties and not against their counsel or former counsel. The Court will therefore deny Defendant's Motion to the extent it seeks an award of fees and costs against Zemel Law and CRLA under § 1692k(a)(3).

As to the application of § 1692k(a)(3) against Plaintiff, Defendant grounds its request for relief in its argument that the Complaint is not verified by Plaintiff and that Plaintiff was engaged in dilatory tactics to delay proceeding with her deposition and by failing to appear at Court ordered conferences.[2] Defendant submits that, assuming

---

[2] Defense counsel filed a letter indicating that Plaintiff suggested that her deposition be taken on July 5, 2022 but then failed to confirm that date and, accordingly, the deposition did not go forward. *See* Letter by Jacquelyn A. DiCicco, Esq., July 7, 2022 [Dkt. 31]. Defense counsel represented that it thereafter suggested four additional dates for Plaintiff's deposition, but Plaintiff was unavailable on any of the proposed dates and failed to offer alternative dates. *Id.* Plaintiff's counsel then filed a motion to withdraw as counsel on July 7, 2022, which the Court denied. [Dkt. 33]. On August 4, 2022, Defendant filed a letter-motion seeking an extension to complete discovery and again sought dates for Plaintiff's deposition, but no dates were suggested by Plaintiff's counsel and they had not filed a subsequent motion to withdraw as counsel. [Dkt. 40]. Plaintiff's counsel again moved to withdraw as counsel on August 8, 2022 on the basis that Plaintiff refused to

11

Plaintiff was even involved in bringing this action, these circumstances evidence Plaintiff's bad faith.

      Plaintiff's alleged conduct, while uncooperative and ultimately serving as cause for dismissal, does not itself indicate that the action "was brought in bad faith and for the purpose of harassment." § 1692k(a)(3). "Bad faith is a subjective standard" as the term is understood within the meaning of § 1692k(a)(3). *Abreu v. Receivable Collection Servs., LLC*, 18-CV-04103 (PKC) (LB), 2019 WL 1876722, at *3 (E.D.N.Y. Apr. 26, 2019) (citing *Pentagen Techs. Int'l Ltd. v. United States*, 172 F. Supp. 2d 464, 473–74 (S.D.N.Y. 2001)). Generally, a party must demonstrate bad faith with "specific factual findings." *Eisemann v. Greene*, 204 F.3d 393, 396–97 (2d Cir. 2000); *see also Hayles v. Aspen Properties Grp., LLC*, No. 1:16-CV-08919-MKV, 2020 WL 5764371, at *3 (S.D.N.Y. Sept. 28, 2020). "[B]ad faith may be inferred 'only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" *Enmom v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)). Bearing in mind the rule that § 1692k(a)(3) should be construed narrowly and considering Defendant's burden of demonstrating sanctionable conduct, the Court is unable to determine on the facts of record, without more evidence,

---

appear for a deposition that conflicted with her work schedule and that Plaintiff did not want to communicate with counsel. [Dkt. 42]. Plaintiff herself then failed to appear at the Court ordered motion conference of October 27, 2022, and the motion to withdraw was granted. [Dkt. 53]. Plaintiff thereafter failed to make an appearance *pro se* or otherwise retain new counsel, and her Complaint was dismissed for lack of prosecution. [Dkt. 57, 58].

that Plaintiff maintained the necessary subjective "bad faith" and "purpose to harass" to award Defendant fees under § 1692k(a)(3) or the Court's inherent power.

That said, the Court recognizes that Defendant is effectively constrained in exploring Plaintiff's intentions and involvement in this action where (1) Plaintiff has not appeared for deposition or provided any affidavits; (2) Plaintiff has not appeared for the hearings she was ordered to attend; (3) Zemel Law has declined to provide Plaintiff's communications with her counsel based on the attorney-client privilege; and, (4) Plaintiff herself has not responded to the present Motion. For this reason, the Court will grant Defendant's request to allow Defendant "to take discovery to confirm Plaintiff's initial involvement in the Action and the basis for the claims." *Br. in Supp.* at *2.

### IV.   Conclusion

For the reasons set forth herein, Defendant's Motion will be denied in part and granted in part. Defendant's motion will be denied in part with prejudice as to its request for an award of attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3) against Zemel Law and CRLA. Defendant's motion will be denied in part without prejudice as to its request for an award of attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3) against Plaintiff. Defendant's motion will be granted in part as to its request to allow Defendant "to take discovery to confirm Plaintiff's initial involvement in the action and the basis for the claims." Br. in Supp. at *2 [Dkt. 59-7].

An appropriate order shall issue.

November 7, 2023

s/ Joseph H. Rodriguez<br>Hon. Joseph H. Rodriguez, U.S.D.J.